UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKI VANCE,           )<br>    Plaintiff,          )<br>                        )<br>    vs.                 )<br>                        )<br>MICHAEL J. ASTRUE, Commissioner )<br>of the Social Security Administration, )<br>    Defendant.          ) | 1:07-cv-0224-LJM-TAB |

### ENTRY ON JUDICIAL REVIEW

Plaintiff, Ricki Vance ("Vance"), requests judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). The Court rules as follows.

### I. BACKGROUND

At the time of the decision by the Administrative Law Judge ("ALJ"), Vance was fifty-three years old with a GED degree and past work experience as a laborer, janitor, and dishwasher. Tr. at 11, 256, 69, 88. Vance alleges that he became disabled on June 15, 2002, after his back pain became such that he could no longer perform the duties of his work. Tr. at 251.

Vance injured his lower back on the job on December 31, 1996. Tr. at 248. He received worker's compensation for his injury. Tr at 248. He re-injured himself on that same job while taking stock of a truck and losing his balance. Tr. at 249. He last worked in August 2002. Tr. at 250.

Vance has not been treated by nor seen by physicians since 2003. Tr. at 253. He takes Advil and Tylenol for his pain. Tr. at 253. He alleges that his back pain on a scale of from one to ten is a five to six. He alleges that he can sit for fifteen minutes and then must stand and stretch and then return to a seated position. Tr. at 254. He can stand for fifteen to twenty minutes and can walk one city block. Tr. at 255. Vance can lift forty to fifty pounds one time and cannot sustain any lifting for more than five minutes. Tr. at 255. He does not drive because his license has been suspended. Tr. at 246. He assists in looking after his eleven-month-old and three-year-old grandchildren. Tr. at 258.

Vance was seen for an evaluation of his medical condition by state agency medical consultant Dr. Kaushik J. Patel ("Dr. Patel") on June 7, 2003. Tr. at 163-64. Dr Patel found that Vance made a sub-optimal effort when engaging in tests of lumbar flexion. Tr. at 164. Dr. Patel reported that Vance complained of pain after attempting lumbar flexation of thirty degrees. Tr. at 164. Vance was able to sit upright on the examination table with his legs outstretched at a ninety degrees angle without difficulty. Tr. at 164.

Vance was represented by counsel in this matter until prior to the appeal hearing when his attorney withdrew.

At the hearing, the ALJ asked vocational expert Gail Corn ("Corn" or "VE"), the following: "I'll ask you to assume a hypothetical individual of claimant's age, education, and work experience, who can do work at the medium level, but has the following limitations. This individual can do no more than occasional bending, squatting, kneeling, stooping, and crawling. Can such a person do any of the work that this claimant did?" Tr. at 261. She replied that because Vance cannot do more than occasional bending, he could not do what he did before his complained-of injury. Tr. at 262.

2

The ALJ then asked Corn: "Okay, I'll ask you to further assume that this hypothetical individual person can only stand for [fifteen] minutes, and can walk no more than a block at a time, a city block?" Tr. at 262. She replied that such a person "cannot work." Tr. at 263.

At the administrative hearing in March 2005, Vance appeared without a representative. Tr. at 203. The ALJ asked whether he understood the information sent to him by the Social Security Administration concerning representation. Tr at 244. The ALJ also verified that Vance had received and understood information concerning representation, and Vance indicated that he was ready to proceed without representation. Tr. at 244-45.

## II. DISABILITY AND THE STANDARD OF REVIEW

### A. DISABILITY

To be eligible for disability insurance benefits, a person must be both disabled and insured. 42 U.S.C. § 423(a)(1). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). Vance was disabled if his impairments were of such severity that he was unable to perform work that he had previously done, and if, based on his age, education, and work experience, he could not engage in any other kind of substantial work existing in the national economy. *See* 42 U.S.C. § 423(d)(2)(A).

This standard is stringent. The Social Security Act (the "Act") does not contemplate degrees of disability or allow for an award based on partial disability. *See Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). It must be clear that the claimant has an impairment severe enough to prevent

him from performing virtually any kind of work.  Under the statutory standard, these benefits are available only as a matter of nearly last resort.

In determining whether a claimant is disabled, the ALJ applies the five-step process set forth in 20 C.F.R. § 404.1520(a)(4):

> 1. If the claimant is employed in substantial gainful activity, the claimant is not disabled.
>
> 2. If the claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that meets the duration requirement, the claimant is not disabled.
>
> 3. If the claimant has an impairment that meets or is equal to an impairment listed in the appendix to this section and satisfies the duration requirement, the claimant is disabled.
>
> 4. If the claimant can still perform the claimant's past relevant work given the claimant's RFC, the claimant is not disabled.
>
> 5. If the claimant can perform other work given the claimant's RFC, age, education, and experience, the claimant is not disabled.

The burden of proof is on the claimant for the first four steps, then shifts to the Commissioner at the fifth step. *See Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).  A dispositive finding may be made at any step in the sequential evaluation, at which point the evaluation ceases and a decision is issued.  *See id.*

### B.  STANDARD OF REVIEW

The Act provides for judicial review of the Commissioner's denial of benefits.  *See* 42 U.S.C. § 405(g).  Because the Appeals Council denied review of the ALJ's findings, the ALJ's findings are treated as the findings of the Commissioner.  *See, e.g. Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

The Court must accept the ALJ's findings of fact as conclusive if they are supported by substantial evidence and there has been no error of law. *See Dixon v. Massanari*, 270 F.3d 1171,1176 (7th Cir. 2001). Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *See Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). "And while the ALJ must [clearly articulate his analysis of the evidence and] must have built a[n accurate and] 'logical bridge from the evidence to his conclusion[,]' . . . [the Court] will nonetheless 'give the [ALJ's] opinion a commonsensical reading rather than nitpicking at it . . . .'" *Rice v. Barnhart,* 384 F.3d 363, 369 (7th Cir. 2004) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002); *Shramek v. Apfel,* 226 F.3d 809, 811 (7thCir. 2000)). *See also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999). The ALJ does not need to address every separate document in the record, but he must not select only those documents for review that support his analysis. "His written decision should contain, and his ultimate determination must be based upon, all of the relevant evidence in the record." *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1984). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits," the Court must defer to the Commissioner's resolution of that conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). A reviewing court may not decide the facts anew, re-weigh evidence, or substitute its judgment for that of the ALJ. *See Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). The reviewing court will also confine its review to the reasons supplied by the ALJ. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

### III. **DISCUSSION**

At step one of the five-step process set forth in 20 C.F.R. § 404.1520(a)(4) for determining whether a claimant is disabled, the ALJ determined that Vance had not engaged in substantial gainful activity since the alleged onset of the disability. Tr. at 12. At step two, the ALJ found that Vance's back pain is "an impairment that is 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 45." Tr. at 12. At step three, the impairments did not equal a listed impairment in the appendix to the regulations that leads to an automatic finding of disability. Tr. at 16. He also found that Vance's allegations regarding his limitations were "not totally credible." Tr. at 14. At step four, the ALJ determined that Vance was not capable of performing his past relevant work. Tr. at 14. At step five, the ALJ concluded that Vance was not disabled, as he has the RFC to perform a significant number of jobs in the national economy subject to the following restrictions: light work with which "involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds." Tr. at 15.

Vance challenges the ALJ's decision, generally alleging that the ALJ did not give enough consideration to his complaints of pain and the ALJ was just too quick to judge him. Compl. at 1-2.

### A. THE ALJ'S FINDING THAT VANCE WAS NOT AFFLICTED WITH A "LISTED IMPAIRMENT" IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Vance, although he did not say so specifically, alleges that the ALJ did not sufficiently articulate the reasons for his step-three finding that Vance's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart R, Regulation No. 4. Although courts

have sometimes ordered remand when an ALJ did not adequately articulate his findings related to a listing, such a remand is not required here. The Seventh Circuit does not require an explicit reference to or discussion of a particular listing. *See, e.g.*, *Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004) ("As to Rice's argument that the ALJ's failure to explicitly refer to the relevant listing alone necessitates reversal and remand, we have not yet so held and decline to do so here."); *Scheck v. Barnhart*, 357 F.3d 697, 700-01 (7th Cir. 2004) (affirming ALJ's decision that did not address any specific listing). Here, like in *Rice* and *Scheck*, remand is unnecessary because the record reveals that Vance did not meet all of the criteria of Listing 4.02(B), as required.

Similarly, the record does not indicate that criteria "equal in severity and duration" to the criteria of Listing 4.02(B) were met. 20 C.F.R. § 404.1526(a). Initially, the record reflects that Vance had not been treated by a physician since the date he asserted was the onset of his disability. Vance attributed this lack of treatment to an unavailability of funds. The ALJ was skeptical of this claim finding that Vance's cigarette habit signified the availability of discretionary funds for medical care. More significantly, however, was the report of consultive physician Dr. Patel who reported that Vance had made a less-than-complete effort to co-operate during the range of motion tests and noted some inconsistencies in Vance's performance. Tr. at 164. As pointed out by the ALJ, in July 2003, reviewing physicians from the State Disability Determination Service found Vance able to perform activities associated with medium duty work. Tr. at 155-62. Thus, there is substantial evidence in the record to support the ALJ's finding that Vance's impairments were not equivalent to any listed impairments. *See* 20 C.F.R. § 404.1527(f)(2)(i) (state agency medical consultants are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *see also*

*Jones o/b/o Morris v. Barnhart*, 315 F.3d 974, 978 n.2 (8th Cir. 2003) (state agency consultant's "expert opinion evidence" substantially supported ALJ's step-three finding).

Vance also could argue that the ALJ should have obtained a medical expert's opinion regarding the issues at step three. However, the regulations make clear that whether or not a medical expert should be called is a matter generally left to the ALJ's discretion. *See* 20 C.F.R. § 404.1527(f)(2)(iii) ("[ALJs] *may* also ask for and consider opinions from medical experts . . . on whether [a claimant's] impairment(s) equals the requirements of any impairment listed in appendix 1") (emphasis added). Additionally, in *Barnett v. Barnhart*, the Seventh Circuit recognized that an SSA-831 form "would otherwise satisfy the ALJ's duty to consider an expert's opinion on medical equivalence." 381 F.3d 664, 670-71 (7th Cir. 2004). The ALJ had two SSA-831 forms to consider here, therefore, the ALJ did not err by not having a medical expert present at the hearing to provide an opinion regarding the issues at step three.

In summary, the ALJ's finding that Vance's impairments do not meet or medically equal the requirements of the listed impairments in Appendix 1, Subpart R, Regulation No. 4, is supported by substantial evidence.

### B. THE ALJ'S FINDING REGARDING THE CREDIBILITY OF KEELING'S ALLEGATIONS OF DISABLING SYMPTOMS IS SUPPORTED BY SUBSTANTIAL EVIDENCE

While Vance does not specifically allege that the ALJ erred in finding that his allegations of disablement were "not totally credible," such a concern is implicit in his general allegation that he was not dealt with fairly. However, substantial evidence exists in the record to support the ALJ's finding. Supporting evidence includes: the fact that the degree of pain alleged by Vance was not

consistent with the objective medical evidence regarding his impairments or his functional ability, including his reported daily activities, Tr. at 13-14, 156-62, 163-64; the fact that no physician had imposed any specific work restrictions on Vance, Tr. at 253-54; the fact that the VE testified that an individual with Vance's residual functional capacity could perform over 13,000 jobs in the regional economy, Tr. at 262; the fact that the only medication taked by Vance are over the counter Advil and Tylenol. Tr. at 252-53. The record contained no contrary physician opinions, and these expert opinions provide substantial evidence in support of the ALJ's findings; nothing more is needed. *See* 20 C.F.R. § 404.1527(f)(2)(i) (state agency medical consultants are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *Rice v. Barnhart,* 384 F.3d 363, 370 (7th Cir. 2004) ("[t]he ALJ was entitled to rely upon [state agency doctors'] opinions"); *see also* 20 C.F.R. § 404.1529(c)(2) (ALJ considers physician opinions when evaluating credibility); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000) (same); 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (ALJ considers claimant's use of medication and course of medical treatment); 20 C.F.R. § 404.1566(e); *Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993) (VE's testimony in response to proper hypothetical question constitutes substantial evidence for ALJ's finding at step five). Because the ALJ's analysis is amply supported by the hearing record, the Court sees no reason to overturn the ALJ's reasonable credibility determination, particularly given that as a factual finding, credibility determinations are due special deference. *See Rice,* 384 F.3d at 371 (upholding an ALJ's credibility determination where the ALJ properly considered the degree to which the objective medical evidence supported the severity of the complainant's subjective complaints; the complainant's daily activities; the duration, frequency, and intensity of the pain; the precipitating and aggravating factors; medications taken; and treatment).

### C.  VANCE WAS FULLY ADVISED OF HIS RIGHT TO BE REPRESENTED AT THE HEARING AND VALIDLY WAIVED ASSISTANCE OF COUNSEL

Lastly, although Vance does not assert that he was not adequately or sufficiently advised of the advantages of having an attorney in order to form a valid waiver of counsel, the Court will address the matter.  In *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir.1994), the Seventh Circuit held that to validly waive the statutory right to representation, a claimant must first be apprised of the manner in which an attorney can aid in the proceedings, among other factors.  *See also Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991).

Vance received notices of his right to council and told the ALJ that he had no questions regarding his right to have a lawyer or representative at the hearing.  Tr. at 39, 244.  In addition, Vance was notified of his right to have a lawyer in the September 23, 2006, Notice of Decision - Unfavorable.  Tr. at 10.  Vance did have a lawyer for matters preliminary to his appeal.  Tr. at 244.  Vance, when told a continuance was available if he did not wish to proceed without an attorney, indicated that he wanted to proceed.  Tr. at 245.  On this record, the Court concludes that Vance was properly advised of his right to be represented and knowingly waived that right.

## IV. **CONCLUSION**

For the foregoing reasons, the final decision of the Commissioner of Social Security in this case is **AFFIRMED**. Final judgment will enter accordingly.

IT IS SO ORDERED this 26th day of October, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed via U.S. Postal Service to:

RICKI VANCE
5432 Sagebrush Ave., Apt. #7
Indianapolis, IN 46203

Distributed electronically to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov